J-S30009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL GARCIA | : | |
| | : | |
| Appellant | : | No. 3130 EDA 2024 |

Appeal from the PCRA Order Entered October 11, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004211-2018

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 10, 2025**

Appellant, Daniel Garcia, appeals from the order entered on October 11, 2024, which dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In this appeal from the denial of PCRA relief, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As we conclude that counsel fulfilled the procedural requirements of ***Turner***/***Finley*** and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant post-conviction relief.

We previously recounted the facts underlying Appellant's convictions:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[In 2019, Appellant was convicted of] three counts of possession of a controlled substance with intent to deliver (PWID), three counts of possession of a controlled substance, and one count each of possessing drug paraphernalia, criminal use of a communication facility, and person not to possess a firearm. . . .

The underlying convictions stemmed from an undercover drug investigation, which began in 2018, following a fatal drug overdose. As recounted by the trial court,

on May 18, 2018, the Pottstown police received a call from a concerned citizen, with surveillance video, indicating that Appellant was selling drugs out of a white Chevy Astra van in front of a home located at 308 Diamond Street. Brendon Stierheim was brought to the Pottstown Hospital in a white Chevy Astra van on May 25, 2018, for a drug overdose. The vehicle registration obtained by the police listed the Chevy van as registered to Appellant with 308 Diamond Street as the registered address.

Detective Francis Rippert utilized a fake Facebook account under the name Amy Lynn to contact Appellant. Appellant's Facebook profile was identified by the officer through specific posts that were associated with Appellant.

The initial contact made by "Amy Lynn" occurred on June 1, 2018. A private Facebook message that referenced the overdose death of Stierheim was sent to Appellant. On June 2, 2018, Appellant responded via his Facebook account, referring to Stierheim as a "brother from another mother." "Amy Lynn" responded on June 4, 2018, indicating that she and Stierheim would "party" together. Appellant informed "Amy Lynn" that he was the boss of the operation, and suggested that he and "Amy Lynn" hang out since he had "everything" to offer, indicating access to a variety of different drugs.

Appellant arranged with "Amy Lynn" via a series of vague Facebook messages and text messages to provide her with the drugs in exchange for sex. "Amy Lynn" requested that Appellant supply her with "D." In response, Appellant inquired if she would like "a bun," in

- 2 -

reference to a bundle of heroin.[fn.1] Appellant made it clear that "Amy Lynn" did not need to pay for the drugs, as it was his intention to receive sex instead of money.

> [fn.1] Detective Rippert testified that "D" represents dope, which indicated heroin, and that a "bun" is a bundle of heroin, which is typically 10 to 14 bags packaged together.

It was agreed upon that Appellant would pick up "Amy Lynn" on June 4, 2018 at the Turkey Hill convenience store in Eagleville, as Appellant believed it to be "Amy Lynn's" place of employment.

Appellant, in his white Chevy Astra van, arrived at the Turkey Hill at approximately 2:46 p.m. on June 4, 2018. Detective Rippert and four other detectives were parked in a lot across from the Turkey Hill, awaiting Appellant's arrival. From his position, Detective Rippert was able to observe Appellant driving the Astra van into the parking lot of the Turkey Hill.

As he approached the vehicle, Detective Rippert identified himself and directed Appellant not to move and to put his hands up. Appellant refused to put his hands up, and reached [] underneath the other seat. In response, the officers detained him, placed him in handcuffs, searched him, and transported Appellant to the Lower Providence Police Department. The police found $4,501.88 in small denominations on Appellant's person.

Once Appellant was taken into custody, due to the public location of the vehicle and the possible dangers associated with the heroin/fentanyl Appellant was purporting to sell, the white Astra van was driven less than a minute away to the Lower Providence Police Department sally port. Once at the sally port the van was searched by police.

A search of Appellant's vehicle revealed a loaded 9mm pistol, an LG cell phone, a black backpack containing 335 bags of bundled heroin and fentanyl, a knotted baggie filled with methamphetamine, an assortment of pills, and assorted glassine baggies. A receipt dated June 2, 2018,

- 3 -

for a Sentinel Storage locker was recovered from the vehicle as well.

The police prepared and executed search warrants of both Appellant's home at 308 Diamond Street and of the storage facility identified on the recovered receipt. Detective Rippert executed the warrant on the Sentinel storage locker. The officers recovered sandwich baggies, Narcan, unused syringes, empty pill capsules, digital scales, a gun cleaning kit, ammunition for several types of guns, and a gun belt, among other items, as a result of the search.

A team of police officers, including Detective James Lavin of the Montgomery County Detective Bureau, served and executed the warrant at Appellant's 308 Diamond Street residence. The items of significance recovered from the search were: a plastic bag containing a large amount of presumed methamphetamine, a second plastic bag containing white powder, a wallet with Appellant's driver's license, clear plastic baggies, a digital scale, and ledger sheets appearing to track money owed and earned.

[**See** Trial Court Opinion, 12/19/19, at 2-5].

**Commonwealth v. Garcia**, 242 A.3d 442 (Pa. Super. 2020) (non-precedential decision) (brackets omitted).

On October 16, 2019, the trial court sentenced Appellant to serve an aggregate term of ten to 20 years in prison for his convictions. We affirmed Appellant's judgment of sentence on November 20, 2020 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. **See Commonwealth v. Garcia**, 242 A.3d 442 (Pa. Super. 2020) (non-precedential decision).

On March 19, 2021, Appellant filed his first PCRA petition and the PCRA court later appointed counsel to represent Appellant during the proceedings.

- 4 -

The PCRA court dismissed Appellant's petition on January 3, 2022 and we affirmed the PCRA court's order on May 30, 2024. **See Commonwealth v. Garcia**, 321 A.3d 987 (Pa. Super. 2024) (non-precedential decision).

On July 12, 2024, Appellant filed the current PCRA petition, *pro se*. Within the petition, Appellant alleged:

> Through court records that evidence pertaining to chain of custody and police misconduct pertaining to funds seized and forfeited were withheld at the trial date. And due to court error the preservation of evidence that was litigated during pretrial weren't properly recorded or being withheld by court.
>
> There are missing funds, and due to court error and procedure and government interferences I was unable to subpoena witnesses to testify on my behalf, evidence presented through testimony at trial was perjur[ed] and violated the laws and rules of court. I obtained a sworn affidavit from a potential witness that would disqualify witness.
>
> The direct appeal counsel never notified [me] of the decision and affirmation of [the] Superior Court.
>
> A prosecution witness (Michael Pento) had a sexual relationship with my wife prior to my relationship, and through manipulation and influence attempted to convince Ms. Endy to give false statement or allegations against her creating a conflict of interest and requiring disclosure.

*See* Current PCRA Petition, 7/12/24, at 1-8.

The PCRA court dismissed Appellant's petition on October 11, 2024 and Appellant filed a timely notice of appeal. PCRA Court Order, 10/11/24, at 1-5. The PCRA court then appointed counsel to represent Appellant during this appeal. **See** PCRA Court Order, 4/11/25, at 1.

On appeal, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to *Turner*/*Finley*. Counsel presents the following issue in the *Turner*/*Finley* brief:

> [Appellant's] latest PCRA petition was not time barred as exceeding the one year filing period.

Appellant's Brief at 1 (some capitalization omitted).

Prior to addressing the merits of the issue raised in the *Turner*/*Finley* brief, we must determine whether counsel met the procedural requirements necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and corrections omitted).

Here, counsel fulfilled the procedural requirements necessary for withdrawing as PCRA counsel.  We thus turn to the claim raised in the **Turner**/**Finley** brief.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions.  This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b).  Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999).  Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition).  [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a

> threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

We affirmed Appellant's judgment of sentence on November 20, 2020 and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See Commonwealth v. Garcia*, 242 A.3d 442 (Pa. Super. 2020) (non-precedential decision). Thus, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on Monday, December 21, 2020. *See*, *e.g.*, Pa.R.A.P. 903(a); *see also* 1 Pa.C.S.A. § 1908 (computation of time). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until December 21, 2021 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until July 12, 2024, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

In this case, Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Therefore, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any

form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).

After review, we conclude that counsel complied with the procedural requirements for withdrawing as counsel and, under ***Turner***/***Finley***, the issues Appellant wished to pursue in his PCRA petition have no merit. Accordingly, we grant counsel's petition to withdraw and affirm the order denying Appellant post-conviction collateral relief.

Petition to withdraw as counsel granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/10/2025